IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RONALD JOSEPH JONES,<br><br>                Plaintiff,<br><br>v.<br><br>JUDGE ANDREW H. STONE et al.,<br><br>                Defendants. | **MEMORANDUM DECISION<br>& ORDER TO CURE<br>DEFICIENT COMPLAINT**<br><br>Case No. 2:19-CV-191-RJS<br><br>Chief District Judge Robert J. Shelby |

        Plaintiff, Ronald Joseph Jones, brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2019),[1] *in forma pauperis*, *see* 28 id. § 1915. Having now screened the Second Amended Complaint, (Doc. No. 13), under its statutory review function,[2] the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2019).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2019).

# COMPLAINT'S DEFICIENCIES

Complaint:

(a) does not properly affirmatively link Defendants to specific civil-rights violations. (See below.)

(b) improperly names judges and commissioners as defendants, apparently without considering judicial immunity. (See below.)

(c) alleges possible constitutional violations resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2019), which reads, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

(d) improperly names Karina M. Arellano, of Kelly Services, as defendant, apparently without considering that only state actors are subject to suit under § 1983.

(e) possibly asserts claims on the constitutional validity of his sentence, which should be brought in a habeas-corpus petition, not civil-rights complaint.

(f) asserts claims possibly invalidated by the rule in *Heck*. (See below.)

(g) has claims possibly involving current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*'adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

# GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[3]

(2) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in

---

[3] The rule on amending a pleading reads:
>  (a) Amendments Before Trial.
>> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>>> (A) 21 days after serving it, or
>>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>> (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2019). However, Plaintiff need

not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

- **Affirmative Link**

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

- **Judicial Immunity**

It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases

5

for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). The judge here very well may have been acting in a judicial capacity in presiding over Plaintiff's case; if so, such actions are entitled to absolute immunity. *See Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished).

- ***Heck***

Plaintiff's claims appear to include some allegations that if true may invalidate his conviction or sentence. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's [incarceration] cannot be maintained unless the [basis for incarceration] has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that his constitutional rights were breached in a way that may attack Petitioner's very imprisonment. *Heck* requires that, if a plaintiff requests § 1983 damages, this Court must decide whether judgment for the plaintiff would unavoidably imply that Plaintiff's incarceration is invalid. *Id.* at 487. Here, it appears it may on some claims. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's incarceration was not valid. Thus, the involved claims "must be dismissed

unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has apparently not happened and may result in dismissal of such claims.

## MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to ask *pro bono* counsel to represent Plaintiff. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2018); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Plaintiff bears the burden of convincing the Court that Plaintiff's claim has enough merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

In deciding whether to ask counsel to represent Plaintiff free of charge, this Court considers a variety of factors, like "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

The Court evaluates Plaintiff's motion for preliminary injunctive relief. Plaintiff appears to merely be trying to expedite the relief he seeks in his complaint. This type of injunction is

disfavored by the law.  *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).

Further, Plaintiff has not specified adequate facts showing each of the four elements necessary to obtain a preliminary injunctive order:

> "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest."

*Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v. Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal."  *SCFC ILC, Inc.*, 936 F.2d at 1098.  The Court has carefully reviewed Plaintiff's pleadings and motions for injunctive relief and concludes Plaintiff's claims do not rise to such an elevated level that an emergency injunction is warranted. In sum, Plaintiff has not met the heightened pleading standard required in moving for an emergency injunction.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a document entitled, "Third Amended Complaint."

(2) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff shall not try to serve Third Amended Complaint on Defendants; instead the Court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2019) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

(5) Plaintiff's motion for appointed counsel is **DENIED**, (*see* ECF No. 22); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

(6) Plaintiff's motion for service of process is **DENIED**. (ECF No. 21.) There is no valid complaint on file as of this Order.

(7) Plaintiff's motion for preliminary injunctive relief is **DENIED**. (*See* ECF No. 9.)

DATED this 13th day of February, 2020.

BY THE COURT:

_____
CHIEF JUDGE ROBERT SHELBY
United States District Court